UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DEBTOR                                *       Chapter 13
                                      *       Case No.

**MAURICE T. JACKSON, SR.**
**AMANDA M. JACKSON**

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

## CHAPTER 13 PLAN
## MIDDLE DISTRICT OF GEORGIA
## (NOT OFFICIAL FORM 113)

**Part 1: Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ____Included | _X_ Not Included |
| 1.2 | The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | _X_ Included | ____Not Included |
| 1.3 | The plan sets out **Nonstandard Provision in Part 6.** | _X_ Included | ____Not Included |

**Income status of debtor(s) as stated on Official form 122-C1**

**Check One**:

   __X__   The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

   _____   The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1.     The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of **$ 175.00 monthly** (If the payments change over time include the following.) These plan payments change to $ N/A weekly/bi-weekly/semi-monthly/monthly on ___, 20____.

2.2.     Additional Payments of $ 0 will be made on _____ from _____.

2.3.     The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4.     If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

       If the debtor(s) current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1.     The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
|  |  |  |

3.2.     After confirmation, distributions will be made to cure arrearages on long term debts where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT (if any) |
|---|---|---|---|---|
| **USDA-Rural Development** | **$1,000** | **0** | **Mortgage Arrears** | **$27.00** |

3.3 The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Farmers Furniture** | **$2,366** | **5.5** | **Furniture** | **$71.00** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

3.4. Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **Farmers Furniture** | **$10.00** |
| | |
| | |
| | |

3.5 After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INT. RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

3.6. The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. The debtor(s) agree to termination of the stay under 11 U.S.C. §362(d) and §1301 with respect to the collateral; upon confirmation of the plan. An allowed unsecured claim resulting from the dispositions of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **Chrysler Capital** | **2018 Dodge Journey** |

3.7 The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| **USDA-Rural Housing - Beginning with 10/19 payment** | **Real Estate located at 712 N. Thomas St, Ocilla, GA** |

3.8 The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4: Treatment of Fees and Priority Debt**

4.1. Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3,250.00 to be paid as follows:

☒ Pursuant to the current Administrative Order on Attorney Fee Awards

☐ By another method as set out in Part 6 Nonstandard Provisions. Attorney will be required to submit an itemization of their time to the Court.

4.2. The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
|  |  |

4.3. All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law.

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1.    **Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a)  Debtor(s) will pay all of the disposable income as shown on Form I22C of **$ 0** to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) include contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b)  If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.  Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay **$0** to the general unsecured creditors to be distributed prorata.

5.2.    General unsecured creditors whose claims are duly proven and allowed will be paid:

(a) **$0** dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section  2.4.**

(b) the debtor(s) anticipates unsecured creditors will receive a dividend of ____%, but will also pay the highest amount shown in paragraph,5.1(a),5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3.    The following unsecured claims are classified to be paid at 100%.  If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provision.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
|  |  |  |

5.4.    The executory contracts and unexpired leases listed below are assumed.  All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard  Provisions**.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **See Part 6 NonStandard Provisions** |  |

5.5.    Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below.  Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s).  All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s).  The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

1. Payments to the trustee shall be made as follows: **Payroll Deduction of Maurice Jackson at Lippert Components, 160 Oriole Road, Fitzgerald, GA  31750.**

2. Upon discharge of the Debtor(s), and pursuant to § Section 522 (f), all non-possessory non-purchase money interest(s) in household goods and furnishings, wearing apparel, appliances, and jewelry are avoided to the extent of the debtor's exemptions as to the following:  **Home Finance and World Finance**

3. Debtors reject the lease with **Progressing Leasing**

**Part 7: Signatures**

7.1. The debtor(s)' attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia. except for language contained in **Part 6: Nonstandard Provisions**.

Debtor(s)

/s/ Maurice T. Jackson, Sr.                                                     September 6, 2019
Signature of Debtor 1                                                              Date

/s/ Amanda M. Jackson                                                           September 6, 2019
Signature of Debtor 2                                                              Date

Debtor(s) Attorney

/s/ Michael H. Turner                                                                September 6, 2019
Signature of Debtor(s) Attorney                                              Date